IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 6:14-cv-03489-MDH |
| | ) | |
| JOSEPH DIXON and CASEY DIXON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion for More a Definite Statement (Doc. 4). Defendants argue Plaintiff should be required to file a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e), concerning Paragraph 9 of the Complaint. Plaintiff counters that the current pleading is sufficient to satisfy the pleading standards in federal court. The Court, after full and careful consideration, hereby **GRANTS** Defendants' motion.

## BACKGROUND

Plaintiff Allstate Indemnity Company ("Allstate") filed a complaint in federal court pursuant to 28 U.S.C. §§ 2201 and 1332, seeking a declaratory judgment concerning the rights and obligations of the respective parties under an insurance policy. According to the Complaint, Allstate issued a policy of insurance to Defendants Joseph and Casey Dixon effective March, 11, 2014 through March 11, 2015. Plaintiff states that Defendants thereafter submitted a claim for damages arising from an alleged fire that occurred at Defendants' home on or about April 12, 2014. The Complaint alleges that Defendants are not entitled to recover for their alleged losses under the policy because certain policy conditions and exclusions prohibit recovery where, as alleged here, (1) Defendants concealed and/or misrepresented material facts with regard to the

claimed loss,[1] and (2) Defendants, or someone at their direction, started the fire.[2] Plaintiff seeks a declaration from the Court that there is no coverage under the policy for Defendants' claimed loss, that Plaintiff is not liable under the aforesaid policy in any manner for Defendants' claimed loss, that Defendants or someone at their direction started the fire, that Defendants intentionally concealed or misrepresented material facts concerning the loss, and that Plaintiff is entitled to recover costs and expenses in bringing this action.

In response to the Complaint, Defendants filed a motion for more definite statement. Defendants argue that Paragraph 9 of the Complaint, which alleges in part that "Defendants concealed and/or misrepresented material facts with regard to the claimed loss," is so vague or ambiguous that Defendants cannot reasonably prepare a response. Defendants further argue that Plaintiff's allegations are in the nature of fraud and therefore must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b). Defendants request a more definite statement as to the allegations within Paragraph 9 and ask Plaintiff to "state with particularity the material facts defendants are accused of having concealed and/or misrepresented."

Plaintiff filed suggestions in opposition to Defendants' motion. Plaintiff argues that Rule 9(b) is inapplicable here because the Complaint seeks a declaratory judgment that the contract at issue has been breached rather than a cause of action based on common law fraud. Moreover, Plaintiff states that there is "no question that Defendants have been given fair notice of the grounds for Plaintiff's claim." Plaintiff concludes that Defendants' motion involves lack of

---

[1] Plaintiff states the policy provision entitled "Misrepresentation, Fraud or Concealment" provides that: "**We** do not cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance." Compl. ¶ 8.

[2] Plaintiff alleges the policy contains an exclusion under the sections entitled "Losses We Do Not Cover Under Coverages A and B" and "Losses We Do Not Cover Under Coverage C" where: "9. Intentional or criminal acts of, or at the direction of, an **insured person**, if the loss that occurs: a) may be reasonably expected to result from such acts; or b) is the intended result of such acts." Compl. ¶ 10.

2

detail rather than unintelligibility and, therefore, the information requested by Defendants is more appropriately gleaned from discovery rather than a more definite statement.

**STANDARD**

A party may move for a more definite statement where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for more definite statement is "not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations" nor is it to be used "as a substitute for discovery in trial preparation." *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F.Supp.2d 951, 960 (E.D. Mo. 2001). Rather, such motions are "designed to strike at unintelligibility rather than lack of detail in the complaint." *Id.* They are appropriate where a party cannot determine the issues he must meet or where there is a major ambiguity or omission in the complaint such that the complaint is unanswerable. *Pfitzer v. Smith & Wesson Corp.*, No. 4:13-CV-676-JAR, 2014 WL 636381, at *1 (E.D. Mo. Feb. 18, 2014). In light of the liberal standards of notice pleading and the availability of extensive discovery, courts disfavor motions for more definite statement. *See, e.g., Batten v. Fairway Capital Recover, LLC*, No. 2:12-CV-04224-NKL, 2012 WL 5866564, at *2 (W.D. Mo. Nov. 19, 2012) (citing *Tinder*, 207 F.Supp.2d at 959–60).

Nonetheless, district courts are willing to sustain a Rule 12(e) motion where a complaint fails to satisfy the particularity requirements of Rule 9(b). *See, e.g., Pfitzer*, 2014 WL 636381, at *3; *2911 Belleview, LLC v. ATL Holdings, LLC*, No. 08-0442-CV-W-FJG, 2008 WL 3852720 (W.D. Mo. Aug. 14, 2008). This practice is logical in light of Rule 9(b)'s heightened pleading requirements and purposes, which are to "to inhibit the filing of a complaint as a pretext for the discovery of unknown wrong, protect defendants from the harm that might come to their reputations when charged with acts of moral turpitude, and finally ensure that the allegations are

3

particularized enough to enable defendants to prepare an adequate defense." Fed. R. Civ. P. 9; *see U.S. ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338, 1345 (E.D. Mo. 1996).

## ANALYSIS

The first issue the Court must address in deciding Defendants' motion is whether the heightened pleadings standards of Rule 9(b) apply to the Complaint. Defendants argue that Rule 9(b) applies because Paragraph 9 of the Complaint is "in the nature of fraud" in that it alleges Defendants concealed and/or misrepresented material facts in the claims process. As noted by Plaintiff, however, Defendants fail to cite any case law holding that Rule 9(b) applies in the specific context at issue here – an action by an insurer seeking declaration of non-coverage based upon the insured's failure to comply with a policy provision prohibiting misrepresentations during the claims process.[3] Unfortunately, Plaintiff also fails to cite any directly relevant case that holds Rule 9(b) does not apply in the specific context at issue here.[4]

The Court's own research reveals that federal courts applying Missouri law hold that fraud-type claims arising under insurance contracts are distinct from common law fraud claims.

---

[3] Defendants cite only *Barnes v. Allstate Prop. & Cas. Ins. Co.* to support their argument that Rule 9(b) applies here. *See* No. CIV.A. 12-3418, 2013 WL 592207 (E.D. Pa. Feb. 15, 2013). That case is clearly distinguishable. In *Barnes*, the insured sued the insurer alleging that the insurer operated in bad faith when it denied the insured's claim for "concealment or fraud." 2013 WL 592207, at *1. The defendant insurance company counterclaimed for civil insurance fraud, alleging that plaintiff violated the Pennsylvania Insurance Fraud statute. *Id.* There, defendant's counterclaim of civil insurance fraud clearly fell within the allegations of fraud governed by Rule 9(b). *See id.* at *2. Here, by contrast, Plaintiff does not sue for fraud but instead seeks a declaratory judgment that Defendants' claims were not covered under the insurance policy. Thus, the case cited by Defendants does not address the specific issue before the Court – i.e. whether a pleading alleging the denial of a claim *under an insurance policy provision* that excludes coverage for losses in which an insured conceals or misrepresents a material fact is required to be pled with particularity under Rule 9(b)?

[4] Plaintiff cites several cases but none pertain to both the relevant context and Rule 9(b). The first case discusses the burden of proof in a fraud claim based upon similar facts but does not discuss pleading requirements. *Am. Fire Ins. Co. v. Cinnamon*, 100 F. Supp. 217 (W.D. Mo. 1951). The second case discusses the proper jury instruction in a case like the one before the Court and holds that the jury instruction not need list a specific action of intentional misrepresentation or concealment; however, that case does not address Rule 9(b) or the pleading requirements of such claims. *Am. Family Mut. Ins. v. Coke*, 413 S.W.3d 362 (Mo. Ct. App. 2013). The third case holds generally that evidentiary facts need not be pled but does not discuss 9(b) or factually similar circumstances. *Walling v. Alabama Pipe Co.*, 3 F.R.D. 159 (W.D. Mo. 1942). Finally, the fourth case is factually analogous but does not address Rule 9(b). *Travelers Ins. Co. v. Gibbs*, No. 4:11CV599 HEA, 2012 WL 968004 (E.D. Mo. Mar. 21, 2012) (discussed *infra* at note 5).

*Gen. Cas. Ins. Companies v. Holst Radiator Co.*, 88 F.3d 670, 671 (8th Cir. 1996) ("The District Court, by refusing Holst's proposed instruction, held that the meaning of the word fraud in the insurance contract is not the same as common-law fraud. We agree."); *see also Travelers Indem. Co. of Am. v. Willig*, No. 4:98CV713 RWS, 2000 WL 288396, at *1 (E.D. Mo. Mar. 10, 2000) ("a fraud claim concerning an insurance contract is not the same as common law fraud"). Not only do the elements of these claims differ, but the definitions of a "material misrepresentation" may also differ. *See Warren v. State Farm Fire & Cas. Co.*, 531 F.3d 693, 698-99 (8th Cir. 2008) (holding language of insurance contract governs whether statement amounts to material misrepresentation); *Patterson v. State Auto. Mut. Ins. Co.*, 105 F.3d 1251, 1253 (8th Cir. 1997) (insurer need not allege detrimental reliance); *Holst Radiator Co.*, 88 F.3d at 671 (insurer not required to prove all of the elements of common law fraud).

However, the mere fact that a claim requires different elements than those required for common law fraud does not render the claim exempt from the heightened pleading standards of Rule 9(b). Rule 9(b) applies generally to allegations of fraud or mistake and requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As explained by Judge Laughrey in the context of determining whether Rule 9(b) applies to claims brought under the MMPA, "the substantive Missouri law question of what elements constitute a claim under the MMPA is distinct from the procedural question of how those elements must be pleaded." *Khaliki v. Helzberg Diamond Shops, Inc.*, No. 4:11-CV-00010-NKL, 2011 WL 1326660, at *2 (W.D. Mo. Apr. 6, 2011). The fact that a cause of action may require different elements than common law fraud "has no relevance to the question of whether Rule 9(b) of the Federal Rules of Civil Procedure applies, or what level of particularity Rule 9(b) demands, but only to the issue of what substantive elements Rule 9(b) would apply to." *Id.*

5

The Eleventh Circuit stated a similar rationale when it held that the heightened pleading standards of Rule 9(b) apply to situations like the one currently before the Court. *See Hendley v. Am. Nat. Fire Ins. Co.*, 842 F.2d 267, 268 (11th Cir. 1988). In that case, the district court struck the insurance company's defense alleging that the insured concealed and misrepresented material facts in the claims process where the insurer failed to plead its allegations in compliance with Rule 9(b). *Id.* On appeal, the defendant insurance company argued that the aforementioned defense should not have been subject to Rule 9(b) because it constituted a contract claim under the insurance policy rather than a fraud claim. *Id.* The Eleventh Circuit disagreed with defendants and explained:

> First, when the court demands that fraud be pled with particularity, it does not read any provision into the contract between the insurer and the insured; instead, it applies an external, purely procedural rule to the contract as it stands. Secondly, requiring the insurer to plead fraud more specifically will not force it to pay claims which it suspects may be false. The insurer remains free to deny the claim so long as it understands that it must give the court and the opposing party a reason why it did so. In essence American National attempts to convince us that fraud is not always fraud. We disagree.

*Id.* at 268-69.

The Eleventh Circuit's holding is consistent with the purposes of Rule 9(b) stated above. When an insurer's denial is based upon the insured's alleged fraudulent misrepresentation in the claims process, the protections of Rule 9(b) are implicated – i.e. the need to inhibit the filing of a complaint as a pretext for the discovery of unknown wrong, the need to protect the insured from harm that might come to its reputation, and the need to ensure allegations are particularized enough to enable the defendant to prepare an adequate defense. Moreover, the Eighth Circuit has indicated that one of the main purposes of Rule 9(b) is to "facilitate a defendant's ability to respond to and to prepare a defense to a plaintiff's charges"; conclusory allegations about false

6

or omitted material facts are "insufficiently specific to satisfy the requisites of Fed.R.Civ.P. 9(b)." *Greenwood v. Dittmer*, 776 F.2d 785, 789 (8th Cir. 1985).

Furthermore, the Court's research indicates that the Eleventh Circuit's holding is consistent with Missouri law applicable to insurance contracts. Missouri law provides that the non-performance of a condition precedent must be pleaded "specifically and with particularity." *See* Mo. Rev. Stat. § 509.170; Mo. Sup. Ct. R. 55.16; *see, e.g., Nichols v. Preferred Risk Grp.*, 44 S.W.3d 886, 896-97 (Mo. Ct. App. 2001) ("The failure of the insured to comply with a condition is an affirmative defense which the Insurer must plead. 'A denial of performance or occurrence shall be made specifically and with particularity.' Rule 55.16."). A 1974 Committee Note to Missouri Rule 55.16 indicates that "[t]his is the same as Rule 9(c) of the Federal Rules of Civil Procedure[.]"

Based upon the foregoing authorities, the Court finds that Rule 9(b) applies to Plaintiff's claims alleging Defendants misrepresented and/or concealed certain information in the claims process. The Court must now determine whether Plaintiff's current allegations satisfy Rule 9(b). The sufficiency of a pleading under Rule 9(b) depends on the circumstances of the specific case before the court, taking into account factors such as the nature of the case and the relationship of the parties. *See Payne v. United States*, 247 F.2d 481, 486 (8th Cir. 1957). The Eighth Circuit holds that Rule 9(b) is typically satisfied where the complaint alleges "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)). A plaintiff need not plead every alleged misrepresentation but must provide some representative examples in order to enable defendant to respond. *U.S. ex rel. Joshi*

7

*v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006); *see also Moua v. Jani-King of Minnesota, Inc.*, 613 F. Supp. 2d 1103, 1110 (D. Minn. 2009). Where a complaint alleges omission rather than misrepresentation, Rule 9(b) standards are more lenient. *See Lewey v. Vi-Jon, Inc.*, No. 4:11CV1341 JAR, 2012 WL 1859031, at *3 (E.D. Mo. May 22, 2012).

Here, Plaintiff alleges that "Allstate's investigation into the facts and circumstances surrounding the claimed loss has revealed that Defendants concealed and/or misrepresented material facts with regard to the claimed loss." Compl. ¶ 9. Such a broad and conclusory allegation is insufficient under Rule 9(b). Defendants are entitled to adequate notice of the claims against them, including notice of the material facts that were allegedly concealed and/or misrepresented.[5] The Complaint's allegations concerning misrepresentation and concealment are effectively unanswerable without such information.[6] Accordingly, the Court will grant Defendants' motion insofar as it seeks a more definite statement pursuant to Rule 12(e).

## DECISION

Based on the foregoing analysis, Defendants' Motion for More a Definite Statement (Doc. 4) is **GRANTED**. Plaintiff shall file an Amended Complaint within fourteen (14) days of

---

[5] Plaintiff cites *Travelers Ins. Co. v. Gibbs* to support its contention that the Complaint's current allegations are sufficient. *See* No. 4:11CV599 HEA, 2012 WL 968004 (E.D. Mo. Mar. 21, 2012). While the Court acknowledges that the factual circumstances in that case are highly similar to the facts presented here, the defendant in *Travelers* did not argue the application of Rule 9(b). *See id.* Moreover, the defendants in *Travelers* sought details pertaining to the insurer's denial on the basis of intentional loss rather than additional information concerning the alleged misrepresentations. *See id.* at *2 ("Defendants claim that Plaintiff fails to identify the actual evidence revealed during Plaintiff's investigation; which Defendant is responsible and how such Defendant is responsible for intentionally starting the fire; how the fire was started or the identity of the specific person or persons Defendants directed to start the fire."). The court in *Travelers* appropriately held that the information requested by defendants there was not required at the pleading stage of litigation and was more appropriately gleaned through discovery. *Id.*

[6] The Court could reasonably infer from the Complaint as a whole that the alleged misrepresentations at issue concern statements by Defendants that were made during the claims process and that relate to the manner in which the alleged fire began; however, the Court will not speculate as to the content and scope of the alleged misrepresentations at issue, especially in light of Rule 9(b) and the opportunity the Court is providing for Plaintiff to amend its Complaint. *See Crowder v. Litton Loan Servicing, L.P.*, No. 4:13-CV-1916 CEJ, 2014 WL 1379034, at *1 (E.D. Mo. Apr. 8, 2014) (explaining Rule 9(b) is designed to prevent guessing at the claims being asserted).

8

the date of this order and shall plead with particularity the material facts allegedly misrepresented and/or concealed by Defendants.  *See* Fed. R. Civ. P. 12(e).

**IT IS SO ORDERED**.

Dated: February 12, 2015         */s/ Douglas Harpool*
                                 **DOUGLAS HARPOOL**
                                 **UNITED STATES DISTRICT JUDGE**