# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff / Counter Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH DIXON and CASEY DIXON, | ) |
| | ) Case No. 6:14-cv-03489-MDH |
| Defendants / Counter Plaintiff, | ) |
| | ) |
| LORETTA BAILEY AGENCY, INC. and | ) |
| BETHANY FLENNIKEN, | ) |
| | ) |
| Counter Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Dismiss Counts IV-VI of Defendants' First Amended Counterclaim (Doc. 51). Upon review and consideration, the Court hereby **DENIES** Plaintiff's motion to dismiss.

On August 18, 2015, the Court entered an order granting Defendants leave to file their First Amended Counterclaim and to join additional counterclaim defendants. The Court analyzed Defendants' proposed Counts IV-VI and rejected Plaintiff's argument that those counts were necessarily futile. *See generally Bohanna v. Hartford Life & Acc. Ins. Co.*, 848 F. Supp. 2d 1009, 1015 (W.D. Mo. 2012) (citing *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("A motion for leave to amend should be denied on the basis of futility where the amended complaint could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."). On September 2, 2015, Plaintiff filed the present motion seeking to dismiss Counts IV-VI for failure to state a claim under Rule 12(b)(6). For the reasons stated in the Court's August 18, 2015 order, Plaintiff's motion is hereby **DENIED**.

First, as to Counts IV and V, the Court previously addressed Plaintiff's lack of duty argument.  The Court acknowledged that insurance agents/brokers generally have no duty under Missouri law to advise insureds on their insurance needs, to advise insureds on the availability of a particular coverage, or explain to insureds' policies to them; however, the Court found Defendants sufficiently alleged an expanded duty here based on the cited policy language.  *See generally Emerson Elec. Co. v. Marsh & McLennan Companies*, 362 S.W.3d 7, 19-20 (Mo. 2012) ("the nature of a broker's duty may vary depending on the relationship of the parties and any agreements between them"); *Manzella v. Gilbert-Magill Co.*, 965 S.W.2d 221, 227 (Mo. Ct. App. 1998) (noting an insurance agent's duty may expand based on "a special relationship or agency agreement between the insurance agent and the customer").  Because the cited policy language states Allstate "uses local agencies to assist customers with their insurance decision-making process by providing customers with information and high quality service" and because Counts IV and V allege the local agency failed to provide information to Defendants to assist Defendants with their insurance decision-making process regarding whether to increase coverage, the Court found Defendants state a plausible claim.

Plaintiff now argues the issue of an expanded duty was not fully briefed at the time the Court granted Defendants' motion for leave to file the amended complaint.  The Court notes that Plaintiff had ample notice and opportunity to brief the issue of an expanded duty but opted to focus on other arguments instead.[1]  Furthermore, the arguments now furthered by Plaintiff are unpersuasive.  Plaintiff argues "Missouri courts have never adopted the expanded duty concept,

---

[1] The proposed amended counterclaim was attached to Defendants' motion for leave to amend and clearly alleges an expanded duty based on policy language.  *See* Mot. Leave Amend., Ex. 1 at ¶¶ 12-13 (Doc. 28-1).  Moreover, Defendants' reply suggestions in support of leave to amend explain "Defendants . . . do not base their claims in the amended counterclaim on the general duty owed by an agent to the insurance customer . . . [i]t is this contract language in the insurance agreement between the insured and insurer, coupled with the general notion in Missouri that duties stem from the foreseeable likelihood that failing to exercise the required degree of care will harm a specific person, which give rise to the duty in this matter."  *See* Def. Reply Sugg. at 6-7 (Doc. 39).

2

Case 6:14-cv-03489-MDH   Document 82   Filed 10/19/15   Page 2 of 4

and even if Missouri did, Defendants have failed to plead the necessary components"; however, Plaintiff relies on outdated case law in furthering that argument.[2] Plaintiff additionally argues the policy language does not, as a matter of law, create an expanded duty; however, the interpretation of the contract language, the extent/scope of the allegedly expanded duty, and whether counterclaim defendants' acts/omissions breached the allegedly expanded duty are all questions more appropriately reserved for a fact-finder or a summary judgment motion. At this point, the Court finds Defendants plead sufficient facts to allege a plausible duty and Counts IV and V state plausible claims to relief.

Second, the Court previously considered and rejected Plaintiff's argument that Count VI is an improper attempt to recast a breach of contract claim as a tort claim under *Overcast v. Billings Mutual Insurance Company*, 11 S.W.3d 62 (Mo. 2000). The Court cited several

---

[2] To support its contention that Missouri courts have never adopted the expanded duty concept, Plaintiff cites to *Manzella v. Gilbert-Magill Co.*, 965 S.W.2d 221, 228 (Mo. Ct. App. 1998). In *Manzella*, the Missouri court of appeals noted decisions from other states that "uniformly decline to expand an insurance agent's duty to include a duty to advise about the availability or adequacy of insurance coverage in the absence of a special relationship or extended agency agreement between the insurance agent and customer" and stated "no Missouri cases have adopted the expanded agency agreement concept." *Id.* Twelve years later, the Supreme Court of Missouri in *Emerson* clarified that "*Zeff* [a 1965 Missouri Supreme Court case] implicitly recognized that the nature of a broker's duty may vary depending on the relationship of the parties and any agreements between them." 362 S.W.3d 7, 20 (Mo. 2012). The *Emerson* court reiterated that "additional duties [that are not an inherent part of the broker-insured relationship] may be assumed by brokers" and found the petition there was "sufficient to raise the issue of whether [defendant insurance broker], either by contract, course of conduct during its more than 20–year association with [plaintiff] or a combination of both, assumed obligations beyond the normal duty of all insurance brokers to use reasonable care, skill and diligence in procuring insurance on behalf of insureds." *Id.* at 19.

To support its contention that Defendants failed to plead the "necessary components" of an expanded duty, Plaintiff relies heavily on *Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457, 464 (Iowa 1984), a case that was discussed in *Manzella*. 965 S.W.2d at 227-28. In *Sandbulte*, the Iowa Supreme Court stated: "An expanded agency agreement, arrangement or relationship, sufficient to require a greater duty from the agent than the general duty, generally exists when the agent holds himself out as an insurance specialist, consultant or counselor and is receiving compensation for consultation and advice apart from premiums paid by the insured." 343 N.W.2d at 464. The Iowa Supreme Court later found the *Sandbulte* test too narrow and opted instead for a more flexible method to determine whether/when an insurance agent undertakes additional duties. *See generally Merriam v. Farm Bureau Ins.*, 793 N.W.2d 520, 523 (Iowa 2011). In abrogating its rule under *Sandbulte*, the Iowa Supreme Court cited the Restatement (Third) of Agency – which was also cited by the Supreme Court of Missouri in *Emerson* – and found "[a]n agent has a duty to act in accordance with the express and implied terms of any contract between the agent and principal" and "it is for the fact finder to determine, based on a consideration of all the circumstances, the agreement of the parties with respect to the service to be rendered by the insurance agent." *Id.* (citing *Langwith v. Am. Nat'l Gen. Ins. Co.*, 793 N.W.2d 215, 219 (Iowa 2010)). The Iowa legislature intervened and statutorily reinstated the *Sandbulte* rule; however, Plaintiff cites no similar statute limiting an insurance agent's duties in Missouri.

Missouri cases that permitted claims for both breach of contract/vexatious refusal to pay against an insurer and a related tort against the insurance agent/broker. *See, e.g., Busey Truck Equip., Inc. v. Am. Family Mut. Ins. Co.*, 299 S.W.3d 735 (Mo. Ct. App. 2009) (breach of contract/vexatious refusal against insurer and negligent failure to procure against agent); *Johnson v. Travelers Cas. & Marine Ins. Co.*, No. 4:11CV00761 JCH, 2011 WL 2899153 (E.D. Mo. July 20, 2011) (same); *Hall v. Charlton*, 447 S.W.2d 5, 6 (Mo. Ct. App. 1969) (breach of contract against insurer and negligent representation against agent). To the extent Plaintiff is concerned that Defendants may "double dip" under their breach of contract and negligent misrepresentation claims, the Court notes that the filings show Defendants seek to recover the $60,000 personal property coverage only one time; moreover, inconsistent and alternative pleading is allowed in federal courts. Fed. R. Civ. P. 8(d). Courts also apply set-off principles in order to avoid duplication of damages. *See generally Bucksaw Resort, LLC v. Mehrtens*, 414 S.W.3d 39, 46 (Mo. Ct. App. 2013).

Based on the foregoing, and for the reasons stated in the Court's August 18, 2015 order, Plaintiff's motion is hereby **DENIED**.

**IT IS SO ORDERED**.
Dated: October 19, 2015              */s/ Douglas Harpool*
                                     **DOUGLAS HARPOOL**
                                     **UNITED STATES DISTRICT JUDGE**