IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **ALLSTATE INDEMNITY COMPANY,** ) <br> ) <br> Plaintiff / Counter Defendant, ) <br> ) <br> v. ) <br> ) <br> **JOSEPH DIXON and CASEY DIXON,** ) <br> ) <br> Defendants / Counter Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **LORETTA BAILEY AGENCY, INC. and** ) <br> **BETHANY FLENNIKEN,** ) <br> ) <br> Counter Defendants. ) | Case No. 6:14-cv-03489-MDH |

## ORDER

Before the Court is Defendants' Motion to Strike Plaintiff's Non-Retained Expert Disclosures (Doc. 105) and Plaintiff's Motion for Leave to File a Sur-reply (Doc. 126). The Court hereby **GRANTS** Plaintiff's motion for leave to file a sur-reply and Plaintiff's sur-reply (Doc. 126-1) is deemed filed.[1] After carefully reviewing the issues and arguments presented by the parties, the Court hereby **DENIES** Defendants' motion to strike.

This matter involves a dispute over insurance coverage arising from a total loss fire that occurred at the Dixons' property on or about April 12, 2014. The Dixons filed a claim for coverage and Allstate denied coverage on grounds that the Dixons concealed and/or misrepresented material facts with regard to the claimed loss and are otherwise barred from recovery because an investigation revealed that the Dixons, or someone at their direction, started

---

[1] Plaintiff should be permitted to respond to Defendants' argument that the expert testimony would be prejudicial. To the extent Plaintiff's sur-reply reiterates or attempts to bolster the arguments made in Plaintiff's original suggestions in opposition, the Court ignores such briefing.

the fire. The Dixons now move to strike Allstate's disclosure of two non-retained experts designated to testify concerning the value of the property.

The Dixons first argue the expert disclosures should be stricken because the value of the Dixons' property is a non-issue in this case because, pursuant to Missouri's valued policy statute, *see* Mo. Rev. Stat. § 379.140, Allstate is bound by the actual cash value of the property as stated in the policy. The Dixons argue that expert testimony concerning the value of the Dixons' property is irrelevant, cumulative, prejudicial, amounts to a waste of time, and will confuse the jury. Allstate responds that the anticipated expert testimony concerning the value of the Dixons' property is directly relevant to the Dixon's motive to commit arson fraud. Allstate argues "[i]n this case, evidence of Defendants' grossly overvalued/over-insured property is relevant to show their motive to commit arson fraud for insurance proceeds." Allstate asserts that the Dixons will not be prejudiced by such testimony because "in the event of a verdict for Defendants, Allstate will stipulate that the building is total loss and RSMo. § 379.140 applies."

The Court finds the evidence concerning the value of the Dixon's property is relevant in this case because it goes to the Dixons' motive to commit arson fraud. In a similar case, the Eighth Circuit held that such evidence was "obviously relevant and wholly admissible." *Gen. Cas. Ins. Companies v. Holst Radiator Co.*, 88 F.3d 670, 672 (8th Cir. 1996). In that case, the Eighth Circuit explained:

> The [valued policy statutes] are directed toward insurance companies who accept large premiums on overvalued property and then, when a claim is made, either pay only the actual value or deny the claim in its entirety because of the overvaluation. General Casualty did not introduce the evidence at issue to prove that it claimed that it only had to pay the actual value of the property or to prove that it had denied Holst's claim because he had overvalued the property. The evidence was introduced as circumstantial proof that Holst had a motive to commit arson. In these circumstances, the evidence was obviously relevant and wholly admissible.

2

*Id.* (internal citations omitted). In light the binding and analogous Eighth Circuit precedent cited above, the Dixons' argument that evidence of overvaluation is "not at issue in this case" is rejected. Moreover, the Court finds the Dixons will not be prejudiced by the admission of such evidence at trial because the Dixons will have the opportunity to rebut such evidence and because Allstate has agreed to stipulate that the Dixons are entitled to recover the full amount stated in the policy if the jury finds in the Dixons' favor.

The Dixons further argue the expert disclosures should be stricken because Allstate's designated experts are not qualified to provide expert opinion on the valuation of the Dixons' property. Allstate designated two experts to opine on value – the Howell County Assessor and Robert Eckhart. The Dixons admit in their reply suggestions that, due to the absence of certain information, "the Dixons cannot determine whether or not Allstate has laid even the minimum foundation for designation of the Assessor and/or the Assessor's records as valid expert testimony/evidence." In light of this statement, the Court finds any objection to the foundation or qualifications of the County Assessor are better reserved for a later time. As to designated expert Robert Eckhart, who is the former owner of the property, the Dixons argue that, while a current owner can testify as an expert concerning the value of his/her property,[2] there is no authority that allows a previous owner to testify concerning the value of the property that he/she used to own. Given the two month span between the time the Dixons purchased the property from Mr. Eckhart and the time of the fire, the Court finds Mr. Eckhart's opinion as to the value of the property during the time that he owned it may be relevant and he is qualified to opine on

---

[2] An Advisory Committee Note to Federal Rule of Evidence 702 states that "within the scope of the rule are not only experts in the strictest sense of the word, e.g., physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers *or landowners testifying to land values.*"

that subject.  The Court may reconsider such ruling in response to a more specific objection at or before trial and upon the opportunity to review the specific testimony at issue.[3]

In sum, the Court finds evidence concerning the value of the property is admissible to show the Dixons' motive to commit arson fraud and Allstate is permitted to designate experts to opine on that subject.  At this time, the two non-retained experts disclosed by Allstate appear to have adequate foundation and qualification to testify as experts.  Based on the foregoing, the Court cannot say at this time that Allstate's experts should necessarily be stricken or that their testimonies are inadmissible.  The Dixons may further submit objections to the specific testimony of the designated experts through motions in limine or at trial.

**IT IS SO ORDERED**.
Dated: February 29, 2015

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

[3] For example, the Court is not inclined to permit Mr. Eckhart to opine as an expert on the value and condition of the property for the entire time period designated by Allstate, i.e. back to 2008.  Moreover, the Court is not likely to find the entire sales history of the property dating back to 2008 relevant, even assuming such sales history is relevant at all.  Such information appears to go well beyond the Dixon's profit motive to commit arson fraud.  Moreover, as argued by Plaintiff, Allstate will need to provide good reason why Mr. Eckhart's opinion differs from the sales price, which is presumed to represent the fair market value at the time the property was sold to the Dixons.